**IT IS SO ORDERED.**

**SIGNED THIS: April 4, 2017**

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In Re: | Case No. 16-90899 |
| | Chapter 13 |
| Robert William Woodard, | |
| Debtor. | Honorable Thomas L. Perkins |

### AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the Motion for Relief from Automatic Stay and Motion for Relief from Co-Debtor Stay filed on behalf of PNC Bank, National Association, (hereinafter referred to as "Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on Debtor's, and Co-Debtor's, Jennifer Woodard, property commonly known as 1476 E County Road 800 North, Tuscola, Illinois 61953 (hereinafter referred to as the "Property"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. In addition to making the regular post-petition mortgage payments timely, Debtor shall cure the remaining arrears of $9,003.14 through March 31, 2017, by making 6 monthly payments of $1,500.52 commencing on April 15, 2017. The arrears include:

> $1,031.00 attorney fees and costs;
> 5 (November 2016 - March 2017) payments @ $1,906.08 = $9,530.40; and
> Less funds in Debtor's suspense account in the approximate amount of $1,558.26

     2.     If the Debtor fails to timely pay two or more (i) regular monthly mortgage payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) payments for property insurance and/or general real estate taxes; or (iv) Debtor fails to cure the arrears pursuant to paragraph 1 above, then the Debtor shall be deemed to be in default and the automatic stay and Co-Debtor Stay shall be terminated as to the Property without further order of this Court, if upon written notice of the default to Debtor, Co-Debtor, and Debtor attorneys, the default is not cured within fourteen (14) days from the date the written notice of the default is mailed.

     3.     The Debtor may avail himself of the cure provision set forth in paragraph 1 or 2 above a total of two (2) times. In the event of the issuance of a third (3rd) Notice of Default, the Automatic Stay and Co-Debtor Stay will automatically modify without further Order as Debtor will no longer have the right to cure thereunder.

     4.     The Proof of Claim heretofore submitted by Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee.

     5.     If the Debtor's Bankruptcy case is dismissed or converted to another Chapter, this agreed repayment order shall be void.

     6.     In the event that Heavner, Beyers & Mihlar, LLC should have to send out any Notices of Default, the Debtor shall pay an extra $50.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

PNC Bank, National Association,          Robert William Woodard,

*/s/ Amanda J. Doyle*                         */s/ Cristina M. Manuel*
Amanda J. Doyle                                Cristina M Manuel, his attorney
one of its attorneys

###